**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO.: 3:24-CR-00047-2**
**UNITED STATES OF AMERICA**                                    **PLAINTIFF,**

**v.**

**MARCUS MCGINNIS**                                                    **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, Marcus McGinnis, and respectfully submits this Sentencing Memorandum. The sentencing hearing is scheduled for February 5, 2025.

**A.**     **Charges.**

Count 1: Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances [21 U.S.C. §§ 846, 21 U.S.C., 841 (a)(1), 841(b)(1)(B) and (b)(1)(C).

**B.**     **Statutory Penalties.**

Counts 1: The minimum term of imprisonment is 5 years, and the maximum term is 40 years. 21 U.S.C. § 841(b)(1)(B).[1]

---

[1]     PSR     Para. 73.

**C.  Plea Agreement.**

Mr. McGinnis has entered into a Plea Agreement with the United States pursuant to Rule 11(c)(1)(B). At the time of sentencing, the United States will: 1) Move for dismissal of the Indictment as to Marcus McGinnis only; 2) Recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law; 3) Recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3El.l(a) and (b); 4) stipulate that the quantity of drugs involved in this case is 100g to 300g of fentanyl analogue, at a base level of 30.[2]

In addition, the United States has recently informed defense counsel that it will be requesting a sentence of 151 months imprisonment for Mr. McGinnis at sentencing, and that the defense can ask for a lesser sentence. As discussed further below, 151 months is the low-end of Mr. McGinnis' "regular" guideline calculations.

**D.  The PSR's "Regular" Guideline Calculations.[3]**

The Final Presentence Investigation Report ("PSR") lists Mr. McGinnis' "regular" guideline calculations before the application of the Career Offender Guideline. The defense initially had objections to these guidelines, but withdraws those objections at this point. The PSR's regular guidelines are calculated as follows:

| | |
|---|---:|
| Base Offense Level USSG § 2D1.1(a)(5) | 30 |
| USSG §2D1.1(b)(1) (firearm enhancement) | +2 |

---

[2]   PSR    Para   4.
[3]   The PSR also outlines Career Offender Guidelines under USSG §4B1.1.

| | |
|---|---|
| USSG §2D1.1(b)(12) (premises enhancement) | +2 |
| Adjusted Offense Level (Subtotal) | 34 |
| Acceptance of Responsibility USSG §3E1.1(a) | -2 |
| Acceptance of Responsibility USSG §3E1.1(b) | -1 |
| Total Offense Level | 31 |
| Criminal History Category | IV[4] |
| Guideline Range | 151 - 188 months (Zone D)[5] |

The JSIN Data for these calculations are as follows:

> *During the last five fiscal years (FY2019-2023), there were 31 defendants whose primary guideline was §2D1.1 and Fentanyl\* was the primary drug type, with a Final Offense Level of 31 and a Criminal History Category of IV, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 31 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 129 month(s) and the median length of imprisonment imposed was 139 month(s).*[6]

**E.    Career Offender Guidelines**

The original PSR did not find that Mr. McGinnis qualified for Career Offender. However, the Final PSR finds Mr. McGinnis falls under Career Offender, thus boosting his guideline range to 188 – 235 months.[7]

Career Offender was not anticipated by the parties when they negotiated the Plea Agreement and until the recent Final PSR was produced. In the spirit of the Plea Agreement, the

---

[4]    PSR    Para. 57.
[5]    PSR    Para. 74.
[6]    See attached Defendant's Exhibit 1, taken from: https://jsin.ussc.gov/analytics/saw.dll?Dashboard
[7]    PSR    Para. 57.

parties are in agreement now that the United States will be asking for the low-end of the "regular" guidelines (151 months), and the defense may request a sentence less than this. In additional support and as grounds for a variance, the defense notes the following as it relates to the Career Offender Guideline and why the Court should sentence Mr. McGinnis within the terms of the current agreement between the parties.

First, the defense notes how the Parties (and U.S. Probation in the first PSR) did not recognize that Mr. McGinnis qualified for Career Offender. The Final PSR lists two qualifying convictions under Career Offender for Mr. McGinnis: 1) A 2013 conviction for assault under extreme disturbance[8]; and 2) A 2019 conviction for complicity to trafficking in a controlled substance.[9]

As for the conviction of complicity to trafficking in a controlled substance, the older version of the Guidelines did not include "inchoate offenses" in the definitions of Career Offender predicate convictions under USSG § 4B1.2. See, e.g., 2021 Sentencing Guidelines.[10] As such, PSR's did not include convictions for "inchoate offenses" as Career Offender predicates under the old guidelines. When the parties negotiated the Plea Agreement in this case, the parties also did not consider "inchoate offenses" in Mr. McGinnis' criminal history in relation to the Career Offender guidelines. However, the most recent version of the Guidelines includes the following language in USSG § 4B1.2(d): "Inchoate Offenses Included.—The terms "crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."

---

[8]    PSR    Para    50.
[9]    PSR    Para    52.
[10]   PSR    Para    50.

The Final PSR in the instant case classified Mr. McGinnis' conviction for "complicity to trafficking in a controlled substance" as an inchoate offense falling under the definition of a Career Offender predicate offense, thus qualifying Mr. McGinnis as a Career Offender to the parties' surprise.  This increased his guideline range.[11]

The defense moves the Court to vary from the Career Offender guideline range, and to sentence Mr. McGinnis to no more than 151 months custody.  In addition to what has been outlined herein about the parties' intentions regarding the Plea Agreement, and the change in the guidelines regarding "inchoate offenses", the defense also submits that given one of Mr. McGinnis' predicate career offender convictions, a Career Offender sentence is not appropriate.

As noted, the Final PSR outlines that one of Mr. McGinnis' two predicate Career Offender convictions is the "inchoate offense" of complicity to trafficking in a controlled substance.[12]  According to the narrative of this prior offense in the PSR, in 2017 Mr. McGinnis was found in possession of a quantity of drugs for sale.[13]  The PSR's narrative does not include what quantity of drugs were involved in this case.  However, in defense counsel's experience, state court drug trafficking cases often involve small amounts of drugs.  Certainly, there was an insufficient amount of drugs involved for that case "to go federal."

Similarly, Mr. McGinnis only has the minimum number of Career Offender predicate convictions – that is, two convictions.  Additionally, one of Mr. McGinnis' predicate offenses occurred some 12 years ago, in 2013.

---

[11] There is an argument that "complicity" is not included in the inchoate offense definition of USSG § 4B1.2(d).  However, based upon the United States assertion that it will be asking for a 151 month sentence, the defense forgoes that argument in this case.
[12] PSR Para 53.
[13] ID.

Career Offender is a "one-size-fits-all" guideline that applies whether a defendant has just two prior qualifying convictions (like Mr. McGinnis), or multiple qualifying convictions. Similarly, the defense would submit that there are many crimes that qualify under the Career Offender guideline that are more serious than complicity to trafficking in a small amount of drugs. (e.g. Murder, Rape, Robbery etc.) The defense submits that Career Offender is a "one-size-fits-all" enhancement for defendants with two or more qualifying convictions. However, as it is just an advisory guideline, the Court is still free to consider the age, number and nature of those convictions when fashioning an appropriate sentence.[14] The defense moves the Court to do that, and to sentence Mr. McGinnis to no more than 151 months custody.

**F.    Defendant's Background.**

Mr. McGinnis is 34 years old. He was born on August 17, 1990, in Louisville, Kentucky. Mr. McGinnis' father retired from Jefferson County Public Schools; however, he is currently working again and resides in Louisville. His mother also resides in Louisville and is a homemaker. Mr. McGinnis has four siblings who all reside in Louisville, Kentucky.

---

[14]    The defense also notes that very recently the United States Sentencing Commission proposed changes to the Career Offender Guideline. As to this subject, the United States Sentencing Commission has written in part: *In August 2024, the Commission identified as one of its policy priorities for the amendment cycle ending May 1, 2025, "[s]implifying the guidelines and clarifying their role in sentencing," including "revising the 'categorical approach' for purposes of the career offender guideline." … [the proposed amendment] It would eliminate the categorical approach when determining whether an offense qualifies as a crime of violence by providing a definition for "crime of violence" that is based on a defendant's conduct and a definition of "controlled substance offense" that is limited to specific federal drug statutes … These changes are intended to correct some of the "odd" and "arbitrary" results that the categorical approach has produced … and to provide a definition of "controlled substance offense" that is based on enumerated federal drug trafficking offenses.* See, Proposed Amendments to the Sentencing Guidelines, December 19, 2024 at: https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20241230_rf_proposed.pdf

Mr. McGinnis' parents were never married but both of them were in his life and provided support. His father always worked hard and so did his stepfather. During his childhood, Mr. McGinnis enjoyed playing the violin and video games. Mr. McGinnis realizes he does not always make the best decisions, and he feels like the black sheep of the family.

Mr. McGinnis has never been married. However, he is the father of six children ages 4 to 16. All of his children reside in Louisville, Kentucky except for his 8 year-old-son who resides in southern Indiana. His 8 year-old-son has been diagnosed with autism and he and the family are in counseling to help best address his condition. Mr. McGinnis strives to be a good father to all of his children.

Mr. McGinnis attended Pleasure Ridge Park High until 11th grade. He earned his GED in 2008 through Youth Opportunity Unlimited. Mr. McGinnis is interested in learning a trade such as HVAC, welding, or obtaining his CDL. He is also interested in a trade involving union work.

Mr. McGinnis began using marijuana when he was approximately 14 years old. He usually used it on the weekends but was able to abstain when he was under supervision. He may take a prescription pill such as Percocet sometimes, to help with his mobility.

Mr. McGinnis is generally in good health, but he has a bullet in his chest that moves around. The bullet is lodged just under his skin. He was shot six months prior to his arrest but did not go to the hospital at that time as he didn't realize he had been hit with a bullet. Mr. McGinnis stated he also suffers from asthma and eczema.

Mr. McGinnis does not have any serious mental health issues. However, he is concerned with his ability to make the right decisions and his ability to process situations correctly. He submits that currently he is having a hard time not being around his children.

Mr. McGinnis has generally always had a job since he was a teenager and submits that he has always been a hard worker. He was unemployed for approximately one year prior to his arrest; however, he would do odd jobs for others for payment. His last employment was with a local company called Parker. Mr. McGinnis worked there for approximately one year, earning $17.50 hourly. He lost the job due to lack of transportation. Mr. McGinnis worked at a company called Radial for approximately five years, earning $14 hourly. He left that job to go to Parker. He has also worked through temporary agencies doing various jobs.

**F.    Requested Sentence.**

The defense respectfully requests that the Court impose a sentence of imprisonment of no more than 151 months, and to consider a sentence of less than this. The JSIN data for his "regular" guideline range that the parties anticipated outlines that the average sentence for this guideline range is 129 months.

In reviewing Mr. McGinnis' prior record in the PSR, it appears that to date the longest sentence he has ever served is 3 years in prison. Thus, his sentence in this case will undoubtedly be the longest sentence he has ever served.

Additionally, it appears that he is facing a revocation of state probation for 7 years,[15] as well as sentencing on another state case,[16] and additional pending state felony charges.[17] Thus, he will in all likelihood be serving additional state time after the completion of his federal sentence.

---

[15]    PSR    Para    52.
[16]    PSR    Para    53.
[17]    PSR    Para    59.

**WHEREFORE,** the defense respectfully requests that the Court sentence Mr. McGinnis to no more than 151 months custody, and to in fact sentence him below 151 months.

                                                  Respectfully submitted,

                                                  /s/ Patrick J. Bouldin
                                                  Assistant Federal Defender
                                                  200 Theatre Building
                                                  629 Fourth Avenue
                                                  Louisville, Kentucky 40202
                                                  (502) 584-0525
                                                  Counsel for Defendant.

## **CERTIFICATE**

I certify that a copy of the foregoing motion was served on the attorneys of record on this case on this January 28, 2025.

                                                  /s/ Patrick J. Bouldin